IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
DONNATE SMALL,                    *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *       CV 618-089
                                  *
THE STATE OF GEORGIA; CURTIS      *
WHITFIELD; OFFICER COLVIN;        *
and OFFICER SHERROD,              *
                                  *
     Defendants.                  *
```

## O R D E R

Before the Court are two motions to dismiss. Defendants Whitfield, Colvin, and the State of Georgia move together (Doc. 21), and Defendant Sherrod moves separately (Doc. 30). Plaintiff Donnate Small, represented by counsel, responded to the motions and they are ripe for decision. For the following reasons, Defendants Whitfield, Colvin, and the State of Georgia's motion is granted in part and denied in part, and Defendant Sherrod's motion is denied.

## I. BACKGROUND

Plaintiff is a prisoner who was confined at Smith State Prison when the events giving rise to his claims took place. (See Compl., Doc. 1, ¶ 10.) Plaintiff is suing under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights and under 29 U.S.C. § 794 for alleged discrimination and failure to accommodate his disability.

(See generally id.)  The instant motions do not focus on the substance of Plaintiff's case.  Instead, Defendants Whitfield, Colvin, and Sherrod (the "Correctional Officers") attack the timeliness of service, while the State of Georgia asserts Eleventh Amendment sovereign immunity.

Plaintiff filed suit on August 30, 2018 and moved for leave to proceed *in forma pauperis* ("IFP") the same day.  The Court initially deferred ruling on the motion, then granted it on January 28, 2019.  (See Doc. 9.)  Because Plaintiff was proceeding IFP, the Court directed the United States Marshals Service to serve process on Defendants.  (See Doc. 13.)  The Marshals Service mailed waivers of service to all Defendants, but only Defendant Sherrod executed and returned his waiver.  (See Sherrod's Waiver of Service, Doc. 14.)  The remaining Defendants' waivers were returned unexecuted on June 11, 2019.  (See Unexecuted Waivers of Service, Doc. 16.)

On July 16, 2019, Plaintiff filed a motion to extend the time to effectuate service on the non-waiving Defendants.  (See Doc. 20.)  Before the Court's ruling on Plaintiff's motion, Defendants filed the instant motions to dismiss.  The Court granted Plaintiff's extension motion on September 9, 2019, giving Plaintiff until October 9, 2019 to effectuate service.  (See Order of Sept. 9, 2019, Doc. 35.)  The Marshals Service then served process on Defendants Colvin, Whitfield, and the State of Georgia on or before the new October 9th deadline.  (See Docs. 37-38; 41.)

## II. LEGAL STANDARD

A motion to dismiss a complaint does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal is appropriate. See Exec. 100, Inc. v. Martin Cty., 922 F.2d 1536, 1539 (11th Cir. 1991).

3

III. DISCUSSION

Although there are two motions before the Court, there are three issues in effect. First, whether the Court has personal jurisdiction over Defendants Colvin, Whitfield, and the State of Georgia given the delay in service. Second, whether Defendant Sherrod waived his Rule 12(b)(5) and Rule 4(m) defenses by executing a waiver of service. Third, whether the State of Georgia's Eleventh Amendment sovereign immunity makes it immune to suit under the Rehabilitation Act.[1]

1. Timeliness of Service as to Colvin, Whitfield, and the State of Georgia

Defendants Colvin, Whitfield, and the State of Georgia argue that the case against them should be dismissed pursuant to Rules 12(b)(5) and 4(m) for insufficient service of process. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In its September 9, 2019 Order the Court found that Plaintiff had shown good cause for his failure to serve Defendants and extended the time for service. (See Order of Sept. 9, 2019 at 3-5.) The Marshals Service has since effected service on Defendants Colvin, Whitfield,

---

[1] Plaintiff does not include the State of Georgia in its Section 1983 claim. (See Compl., ¶ 35.)

4

and the State of Georgia, and done so within the extension the Court prescribed. Accordingly, these Defendants' motion is denied as to the untimely-service argument.

2. Defendant Sherrod's Waiver of Service, Rule 12(b)(5), Rule 4(m) Defenses

Defendant Sherrod's waiver of service of summons was filed with the Court on May 9, 2019 - over 90 days[2] from the filing of the Complaint and Order granting Plaintiff leave to proceed IFP.[3] (See Sherrod's Waiver of Service.) Like the other Defendants, he argues that Plaintiff's claims should be dismissed pursuant to Rules 12(b)(5) and 4(m). He also argues that his service waiver does not waive these defenses. Although Plaintiff states that he addressed these issues in his responses to the other Defendants' motion (see Doc. 32 ("Plaintiff has briefed all the issues involved herein completely and respectfully refers the Court to those briefs.")), none of those responses discuss the issue of whether a service waiver prohibits a defendant from asserting a 12(b)(5) or 4(m) defense. (See Docs. 24

---

[2] Rule 4(d)(4) states: "When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." See also United States v. Coldwell Banker Bullard Realty Co., No. 1:08-CV-3427-MHS, 2009 WL 10664944, at *4 (N.D. Ga. July 22, 2009) ("[Rule 4(d)(4)] establishes that service is considered effected at the time of the filing of the waiver of service with the district court . . . .").

[3] In support of his motion for extension of time (Doc. 25), Plaintiff argues that the 90-period in Rule 4(m) did not begin to run until January 28, 2019, when the Court granted IFP status. Even so, Defendant Sherrod's waiver was filed over 90 days from that date.

5

(discussing the sovereign immunity issue); 33 (discussing service timing, statute of limitations tolling, and sovereign immunity).)

At the outset, the waiver form itself states that the waiving defendant may make all defenses and objections except an objection to the absence of a summons or service. (See Sherrod's Waiver of Service, at 2.)

Defendant Sherrod bases his argument on a case from the Northern District of Georgia which analyzed the same issue. See generally United States v. Coldwell Banker Bullard Realty Co., No. 1:08-CV-3427-MHS, 2009 WL 10664944 (N.D. Ga. July 22, 2009). Citing to the Advisory Committee notes for Rule 4, that court concluded that "even though waiving service of process eliminates a defendant's objection to the sufficiency of the actual service of process, the defendant may still assert 'other defenses that may be available.'" Id. at *4 (quoting Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments).

The Coldwell case and the language on the waiver itself both compel a conclusion that Defendant Sherrod did not waive his 12(b)(5) or 4(m) defenses by waiving formal service. This conclusion is further supported by the policy behind the waiver of service procedure, that is, to reduce the costs and difficulties involved in serving elusive defendants. If a defendant were not permitted to assert 12(b)(5) or 4(m) defenses after waiving formal service, it would only incentivize evasion.

6

Even if Defendant Sherrod has not waived his defenses, the Eleventh Circuit Court of Appeals has held that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). One of the factors to be considered in exercising this discretion is whether the statute of limitations would bar the refiling of the action if dismissed. See id. That is the case here as more than two years have passed since the accrual of Plaintiff's rights.[4]

Aside from the statute of limitations issue, the factor weighing heaviest in favor of an extension is that the Court already granted an extension as to Defendants Colvin, Whitfield, and the State of Georgia, having found good cause therefor. The rationale for extending the time for service for those Defendants applies equally to Defendant Sherrod: the Court did not direct service of the Complaint until March 8, 2019, and the late service was not Plaintiff's fault. (See Order of Sept. 9, 2019 at 4.) Defendant Sherrod at least had notice of the suit and has been properly served. See Horenkamp, 402 F.3d at 1133 (upholding district court's grant of discretionary extension under Rule 4(m) and noting that defendant had

---

[4] Section 1983 and Rehabilitation Act claims apply Georgia's personal injury limitations period of two years. See Wellons v. Comm'r Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (discussing limitations period for Section 1983 claims); Everett v. Cobb Cty. Sch. Dist., 138 F.3d 1407, 1409 (11th Cir. 1998) (discussing limitations period for Rehabilitation Act claims); O.C.G.A. § 9-3-33 (stating that actions for personal injury must be brought within two years of the accrual of the right of action).

7

notice of the suit and had been properly served.) Accordingly, the Court retroactively extends the deadline to serve Defendant Sherrod to October 9, 2019. Because Defendant Sherrod executed his waiver of service before that date, his motion must be denied.

3. State of Georgia's Sovereign Immunity

Defendant State of Georgia also seeks dismissal pursuant to Rule 12(b)(6) on the grounds that it is immune from suit under the Rehabilitation Act. Plaintiff responds that the State of Georgia waived its sovereign immunity under the Rehabilitation Act by accepting federal funds.

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). Plaintiff argues that by receiving federal funds, the State of Georgia waived its Eleventh Amendment sovereign immunity under 29 U.S.C. § 794(a) and 42 U.S.C. § 2000d-7(a)(1).[5]

The Rehabilitation Act prohibits "any program or activity" receiving federal funds from discriminating against a qualified individual with a disability. See 29 U.S.C. § 794(a). "Any program or activity" is further defined as:

---

[5] 42 U.S.C. § 2000d-7(a)(1) provides: "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . ." Section 504 of the Rehabilitation act is codified at 29 U.S.C. § 794.

8

> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government; . . . .
>
> any part of which is extended Federal financial assistance.

Id. at § 794(b).

Defendant cites to a case from the Northern District of Georgia which addresses the instant question of whether a state - rather than a state agency or department - is a "program or activity" under Section 794(b). The case, Phillips ex rel. Toole v. Georgia, No. 1:05-CV-02158, 2006 WL 2918938, at *4-5 (N.D. Ga. Oct. 10, 2006), cites to opinions from the Third, Seventh, and Eighth Circuit Courts of Appeals which hold that the "acceptance of funds by one state agency . . . leaves unaffected . . . the State as a whole." Jim C. v. United States, 235 F. 3d 1079, 1081 (8th Cir. 2000); see also Stanley v. Litscher, 213 F.3d 340, 344 (7th Cir. 2000); Koslow v. Pennsylvania, 302 F.3d 161, 171 (3d Cir. 2002) ("Under the statutory definitions in the Rehabilitation Act, the state, as a whole, cannot be a 'program or activity.'" (quotation omitted)). This construction of the law is bolstered by an Eleventh Circuit case interpreting 29 U.S.C. § 794 in the same way, albeit in a different context. See McMullen v. Wakulla Cty. Bd. of Cty. Comm'rs., 650 F. App'x 703, 706-

07 (11th Cir. 2016) (examining Third, Seventh, and Eighth Circuit cases).⁶

Phillips summarizes the reasoning in the appellate cases: both statutory interpretation and the history of the Eleventh Amendment support the conclusion above.

> [A]s a matter of statutory interpretation, the Eighth Circuit notes in Jim C. that subsection (b)(1)(B) of Section 504 of the Rehabilitation Act would be superfluous if an entire state government would be subject to liability under Section 504 whenever any of its subparts receives federal funds. If states were in fact liable under Section 504, then the entities covered under subsection (b)(1)(B) would already be covered under (b)(1)(A) whenever the entities received or distributed federal funds.

Phillips, 2006 WL 2918938 at *4 (citing Jim C., 235 F.3d at 1081, n.3). As for the history of the Eleventh Amendment, "[c]ourts apply stringent, exacting standards when determining whether a state waived its Eleventh Amendment immunity to suit." Id. (quotation omitted).

---

⁶ In McMullen, the Eleventh Circuit considered the argument that a department or agency unrelated to the claim which receives federal funds implicates all other agencies and departments under 29 U.S.C. § 794. See McMullen, 650 F. App'x at 706 ("Plaintiff cannot rely on funds received by other County departments unconnected to his claim to show that the Rehabilitation Act applies.").

McMullen was decided following an amendment to Section 794 which broadened its reach; the Eleventh Circuit had previously interpreted the Section as requiring the received funds to flow to the specific program or activity perpetrating the discrimination *within* a department or agency for Section 794 to apply. McMullen held that the amendment broadened Section 794's applicability to the entire agency or department, even if the particular component part of that agency or department was not involved in the events giving rise to the claim. See id. ("So, if any operation of [the Fire Rescue Department] - including fire services, EMS, or animal control - receives federal funds, the whole Department is covered by the Rehabilitation Act.").

Only through an unequivocal indication of consent to federal jurisdiction can a state waive its sovereign immunity under the Eleventh Amendment. See Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992). Therefore, a state accepting funds for one of its agencies does not explicitly waive it sovereign immunity for the state as a whole, but only for the agency receiving the funds. See Phillips, 2006 WL 2918938 at *5.

Plaintiff cites to First Circuit and District Court cases from California and Oregon in support of his argument that an entire state waives its sovereign immunity when any part of the state accepts federal funds. See, e.g., Diaz-Fonseca v. Pureto Rico, 451 F.3d 13, 33 (1st. Cir. 2006); Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 127-28 (1st. Cir. 2003). While these cases do hold that 42 U.S.C. § 2000d-7 is explicit enough to waive sovereign immunity[7] when a state agency or department accepts federal funds, they do not consider whether a state waives its immunity when one of its agencies or departments accepts federal funds. That is the question here.

Plaintiff's next observation is that the Third Circuit in Koslow and the Northern District in Phillips conflate liability under 29 U.S.C. § 794 with sovereign immunity under Section 42 U.S.C. § 2000d-7. But Plaintiff then concedes, "If what the Third Circuit means is

---

[7] See also Lane v. Pena, 518 U.S. 187, 200 (1996) (noting that Congress' amendment to the Rehabilitation act following Atascadero State Hosp. v. Scanlon, 473 U.S. 234 (1985) served as an "unambiguous waiver of the States' Eleventh Amendment immunity").

11

that the State has no <u>liability</u> unless its' (sic) entity which receives federal money is the same entity responsible for the violation, . . . an argument can be made that the [Third Circuit] is correct." (Pl.'s Resp. to Mot. to Dismiss, Doc. 24, at 5.) The Court concurs in Plaintiff's observation, but that does not change the outcome for him; whether by sovereign immunity or by failing to state a claim, Plaintiff's claim against the State of Georgia fails.

The cases discussed above convince the Court that the State of Georgia as a whole is not a proper defendant in this case. The State of Georgia is not a "program or activity" under 29 U.S.C. § 794 and therefore it cannot have violated the Section or by extension waived its sovereign immunity. This interpretation of "program or activity" is consistent with the Eleventh Circuit's interpretation of that language in <u>McMullen</u> and how the Third Circuit decided this exact issue in <u>Koslow</u>. <u>See</u> <u>Koslow</u>, 302 F.3d at 161, 171 ("[I]f a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency—but only against that department or agency."). A proper defendant would be the Georgia department or agency that allegedly discriminated against Plaintiff. The case will therefore be dismissed against the State of Georgia.

IV. CONCLUSION

Upon the foregoing, Defendant Sherrod's motion to dismiss (Doc. 30) is **DENIED**, and Defendants Whitfield, Colvin, and the State of Georgia's motion to dismiss (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**. Defendant State of Georgia is not a proper defendant and must be dismissed from the case. Accordingly, the Clerk is **DIRECTED** to terminate Defendant State of Georgia. The case shall proceed against Defendants Whitfield, Colvin, and Sherrod.

**ORDER ENTERED** at Augusta, Georgia this 5th day of March 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA